986 So.2d 207 (2008)
Bonnie Roberson CRITTON, Individually and on Behalf of Latoyia D. Roberson, Plaintiff-Appellant
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellee.
No. 43,328-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*208 Crawford & Joyce by Brian E. Crawford, Monroe, A. Scott Killen, Ruston, for Appellant.
Louisiana Department of Justice, by Gregory S. Barkley, Assistant Attorney General, for Appellee.
Before BROWN, WILLIAMS, and GASKINS, JJ.
BROWN, Chief Judge.
The plaintiff, Bonnie Roberson Critton, individually and on behalf of Latoyia Roberson, appeals from a trial court decision granting a motion for summary judgment in favor of defendant, State of Louisiana, through the Department of Transportation and Development ("DOTD"). For the reasons stated herein, we affirm.

Facts and Procedural Background
On September 19, 2002, Latoyia Roberson was driving westbound on Interstate 20 in Lincoln Parish, Louisiana, when her car left the roadway and struck several trees. As a result of this accident Ms. Roberson died.
*209 Ms. Roberson's mother, Bonnie Roberson Critton, filed this suit on September 19, 2003, alleging that the section of the roadway on which Ms. Roberson was driving was defective and presented an unreasonable risk of harm to the public in off-weather conditions. Furthermore, plaintiff alleged that DOTD knew or should have known about the defects in the roadway and that it failed to take action to remedy the defects.
On June 3, 2005, the section of the roadway at issue was resurfaced. Thus, on June 5, 2006, plaintiff amended her original petition to allege spoliation of evidence by DOTD.
On July 9, 2007, DOTD filed a motion for summary judgment, asserting that plaintiff had come forth with no evidence to support her cause of action. The trial court heard arguments on September 20, 2007, and rendered judgment in favor of defendant on October 18, 2007.
Plaintiff now appeals.

Discussion
Appellate courts review summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). A summary judgment movant who does not bear the burden of proof at trial is not required to negate all essential elements of the adverse party's claim, but rather to point out the absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
Louisiana law allows a plaintiff to proceed against a public entity, such as the State through DOTD, under a theory of negligence based on La. R.S. 9:2800. (La. R.S. 9:2800 and La. C.C. art. 2317.1 eviscerated the concept of "strict liability" for defective things). Plaintiff must prove that: (1) the thing that caused her damages was in DOTD's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) DOTD possessed actual or constructive notice of the defect, and failed to take corrective measures to remedy the defect within a reasonable period of time; and (4) the defect was a cause in fact of plaintiff's injuries. Lee v. State, Through DOTD, 97-0350 (La.10/21/97), 701 So.2d 676; Kelly v. City of Bossier City, 41,705 (La. App.2d Cir.12/13/06), 945 So.2d 229. Plaintiff's failure to establish any one of these criteria is fatal to their claim. Netecke v. State, Through DOTD, 98-1182 (La.10/19/99), 747 So.2d 489.
DOTD contends that summary judgment was appropriate as plaintiff was unable to produce any factual evidence to support her allegation that the roadway at issue was defective at the time of the accident. Furthermore, DOTD argues in the alternative that even if the highway was defective at the time of the accident, plaintiff failed to put forth any evidence to show that she would be able to meet her burden of proving that DOTD had actual or constructive notice of the defect. Plaintiff, on the other hand, argues that due to the intentional and/or grossly negligent spoliation of evidence on the part of DOTD she was unable to produce the evidence *210 that would have proven the defect. Thus, plaintiff contends that she is entitled to a presumption that the highway was defective at the time of the accident.
Under the theory of spoliation of evidence, an adverse evidentiary presumption may arise when there is an intentional destruction of evidence for the purpose of depriving an opposing party of its use. Lewis v. Albertson's Inc., 41,234 (La. App.2d Cir.06/28/06), 935 So.2d 771, writ denied, 06-1943 (La.11/09/06), 941 So.2d 42. Generally, a litigant's failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. However, when the failure to produce the evidence is adequately explained, the presumption is not applicable. Wilhite v. Thompson, 42,395 (La.App.2d Cir.08/15/07), 962 So.2d 493, writ denied, 07-2025 (La.02/15/08), 976 So.2d 175.
This action was filed in September 2003, exactly one year after the accident. DOTD resurfaced the road almost two years after this lawsuit was filed. In fact, in 2004, DOTD posted notice that it would be resurfacing this portion of I-20. Not only were no tests conducted on the roadway during the three years following the accident, there is also nothing to show that plaintiff had even procured an expert witness to conduct the tests.[1] We find that, since the overlaying took place years after the accident and a year after DOTD posted notice of the resurfacing on the roadway, the trial court did not err by finding that plaintiff could not benefit from a spoliation presumption.
Finding that plaintiff may not avail herself of the adverse evidentiary presumption, we must now determine if plaintiff sufficiently showed that she would be able to meet her evidentiary burden at trial.
Under La. R.S. 9:2800, constructive notice is defined as the existence of facts which imply actual knowledge. This definition allows a person to infer actual knowledge on the part of a public entity when the facts demonstrate that the defective condition existed for such a period of time that the defect should have been discovered and repaired. Johnson v. City of Bastrop, 41,240 (La.App.2d Cir.08/01/06), 936 So.2d 292.
In the case sub judice, plaintiff failed to put forth any evidence to show that she would be able to meet her burden of proving the existence of a defective condition that presented an unreasonable risk of harm or of proving actual or constructive notice on the part of DOTD. Defendant, however, put forth numerous affidavits of persons directly involved in the construction projects on the stretch of highway at issue. These affidavits stated that in 1995 when this section of the road was resurfaced that the aggregate mix used was tested repeatedly and that it met all required standards and, furthermore, that at no time did they become aware of any deficiencies, irregularities, or defects in the mix. In addition to the affidavits, DOTD also put into evidence a portion of plaintiff's deposition in which she stated that she was not aware of any information or evidence that would show that the State of Louisiana had any prior knowledge of a problem with the roadway.
Based on the aforementioned evidence of DOTD and plaintiff's inability to put forth any evidence to show that the roadway was defective or that DOTD possessed actual or constructive notice of a *211 defect, it is evident that summary judgment was appropriate. Accordingly, we find that the trial court did not err in granting DOTD's motion for summary judgment.

Conclusion
For the reasons stated above, we affirm the trial court's ruling granting summary judgment in favor of defendant, State of Louisiana, through the Department of Transportation and Development. Costs of this appeal are to be assessed to plaintiff.
NOTES
[1] Plaintiff maintains that an expert witness had been hired to conduct the tests, but she failed to present the court with the witness's name or a date on which the inspection was scheduled.