999 So.2d 113 (2008)
Glen E. WOODS, Plaintiff-Appellant,
v.
STATE of Louisiana through the LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (DOTD), The Parish of Winn & Ciaccio No. 1, Inc., Defendants-Appellees.
No. 43,787-CA.
Court of Appeal of Louisiana, Second Circuit.
December 3, 2008.
*114 B. Gerald Weeks, New Orleans, for Appellant.
Breithaupt, Dunn, Dubos, Shafto & Wolleson by Michael L. DuBos, K. Lamar Walters, III, Monroe, for Appellee, State of Louisiana DOTD.
Plauche, Maselli & Parkerson by Joseph Maselli, Jr., New Orleans, for Appellee, McDonald's Corporation.
Provosty, Sadler, deLaunay, Fiorenza & Sobel by Andrew E. Schaffer, Alexandria, for Appellee, Ciaccio No. 1, Inc. d/b/a McDonald's.
Before DREW, MOORE and LOLLEY, JJ.
LOLLEY, J.
In this negligence case, plaintiff, Glen E. Woods, appeals the judgment of the Eighth Judicial District Court, Parish of Winn, State of Louisiana, which granted summary judgments in favor of defendants: Louisiana Department of Transportation and Development ("DOTD"), Ciaccio No. 1, Inc.,[1] and McDonald's Corporation. For the following reasons, we affirm.

*115 FACTS
This case arises from a motor vehicle accident that occurred on September 29, 1988, between the plaintiff, Glen Woods, who was operating a 1980 Harley Davidson motorcycle, and Molly Thompson Pickett, who was operating a 1986 Chevrolet Caprice. Woods was traveling west on Highway 84 in Winnfield, Louisiana. Pickett stopped on Highway 84 to turn left into the entrance of the McDonald's restaurant. While making her turn, Pickett hit and injured Woods who was in the farthest eastern travel lane of Hwy 84. He settled his claims with Pickett and her insurer. Woods proceeded to file suit against the DOTD, McDonald's Corporation ("McDonald's") and Ciaccio No. 1., Inc., ("Ciaccio") to recover additional amounts. All three defendants filed motions for summary judgment, which were argued at a hearing on January 23, 2008. Subsequently, the trial court granted all three motions in favor of the defendants. This appeal by Woods followed.

LAW AND DISCUSSION
On appeal, Woods argues that the trial court erred in granting summary judgments in favor of McDonald's and the DOTD. Summary judgments are subject to a de novo review on appeal using the same criteria as the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 1998-2822 (La.07/07/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La. App.2d Cir.01/23/02), 806 So.2d 945. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Gootee Construction, Inc. v. Amwest Surety Insurance Company, XXXX-XXXX (La.10/10/03), 856 So.2d 1203.
Generally, the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, it is not necessary to refute every element of the claim. In that case, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(C)(2). Then, the burden shifts to the adverse party to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial. Id.

McDonald's
Woods explains that the intersection where the accident occurred is known to be a "crazy" intersection. Woods points out, and McDonald's concedes, that McDonald's did not apply for and therefore never received from the DOTD an entrance and exit permit per La. R.S. 48:344 which states:
Entrances to and exits from private properties adjacent to the rights-of-way of state highways may be regulated, prohibited, or abolished in the interest of the safety of the traveling public. The chief engineer of the Department of Transportation and Development, from time to time, shall prepare and promulgate descriptions and illustrations of various types and styles of entrances and exits consistent with this purpose and shall issue permits of necessity and convenience for the installation of entrances and exits in accordance with its promulgated regulations and standards. The department may apply to the courts for such process as may be necessary to *116 make the provisions of this Section effective.
As a result, Woods argues that the issue of material fact remains as to whether the locations of the entrance and exit driveways were proper when originally built and therefore a summary judgment was not appropriate. Woods contends that design and placement would have been factors considered in the permitting process. While McDonald's concedes it did not get a permit,[2] it does not find it dispositive of the allegations brought forth by Woods. We agree.
The lack of a permit does not render an allegation of a "design defect" as a per se triable negligence claim. McDonald's introduced an affidavit by Doug Robert, an expert in traffic engineering and accident reconstruction, who opined that there are no defects in the design or location or operation of the restaurant's entrance and exit driveways. In addition, Robert stated that the driveways comported with all applicable DOTD guidelines. This successfully shifted the burden to Woods.
Woods introduced an affidavit from David Hall, also an expert in traffic engineering and accident reconstruction. However, Hall assigns partial fault to McDonald's solely based on the lack of a permit, which as stated above, is not dispositive. We do not find that Woods brought forth any additional evidence to factually support his claim that the construction of the driveways contributed to Woods' accident. In other words, Woods did not show that he would be able to meet his evidentiary burden of proof at trial against McDonald's. This argument is without merit.

DOTD
Louisiana law allows a plaintiff to proceed against a public entity, such as the State through DOTD, under a theory of negligence based on La. R.S. 9:2800. Plaintiff must prove that: (1) the thing that caused her damages was in DOTD's custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) DOTD possessed actual or constructive notice of the defect, and failed to take corrective measures to remedy the defect within a reasonable period of time; and (4) the defect was a cause in fact of plaintiff's injuries. Kelly v. City of Bossier City, 41,705 (La.App.2d Cir.12/13/06), 945 So.2d 229. Plaintiff's failure to establish any one of these criteria is fatal to his claim. Netecke v. State, Through DOTD, XXXX-XXXX (La.10/19/99), 747 So.2d 489.
DOTD contends that summary judgment was appropriate as Woods was unable to produce any factual evidence to support the allegation that the roadway at issue was defective. DOTD relies on Robert's opinion that the accident was caused solely by the inattentiveness of the drivers and that no defect existed. Furthermore, DOTD argues that Woods failed to put forth any evidence DOTD had actual or constructive notice of the defect, especially with McDonald's failure to apply for a permit. We agree. We also note that the affidavit by Hall, plaintiff's expert, found that DOTD never had an "opportunity" to investigate the design of the driveways and therefore, by extension, did not find DOTD responsible.[3] Therefore, this argument is without merit.

Ciaccio No. 1, Inc.
At the outset we note that Woods does not raise, on appeal, any assignment *117 of errors with respect to Ciaccio. Nevertheless, Ciaccio, as lessee, points out that the restaurant site was fully constructed by the time it became the operator in December 1990. As a result, Ciaccio argues that it had no duty to obtain any permits from DOTD. We agree. We note that neither expert named Ciaccio as contributing to any part of the accident. Furthermore, the record is clear that the failure to receive a permit was not the cause-in-fact of the accident. Again, despite not raising as error Ciaccio's grant of summary judgment, we find that Woods would be unable to meet his evidentiary burden of proof to establish a negligence claim against Ciaccio.

CONCLUSION
The record indicates that the unfortunate accident resulted purely from the actions of the drivers involved, Glen Woods and Molly Pickett. After a de novo review, we find that summary judgment for all defendants was appropriate, and, for the foregoing reasons, we affirm the trial court. All costs of this appeal are to be borne by Glen Woods.
AFFIRMED.
NOTES
[1] Ciaccio No. 1, Inc., in brief, explains that its proper and only name is "Ciaccio No. 1, Inc.," not "Ciaccio No. 1 Inc. D/B/A McDonald's" as it appears on the appellate record.
[2] McDonald's was constructed on a site of a preexisting business establishment that used the same entrance and exit driveways.
[3] Interestingly, DOTD never states that the driveways were suitable under DOTD guidelines despite the lack of a permit.