GASKINS, J.
|,In this two-vehicle automobile accident case, the plaintiff, a passenger in one of the cars, alleged that a factor contributing to the collision was the design and maintenance of the highway where the accident occurred. She appeals from a trial court ruling which granted summary judgment in favor of the State of Louisiana, through the Department of Transportation and Development (DOTD), and dismissed it from the suit. We affirm the trial court judgment.
FACTS
The accident at issue occurred at or near the T-shaped intersection of U.S. Hwy. 71 (also known as Barksdale Boulevard) and Boone Street in Bossier City, Louisiana. Barksdale Boulevard runs north-south, while Boone Street runs east-west. Boone Street is perpendicular to Barksdale Boulevard and essentially “deadends” across from the parking lot of Cascio’s Grocery Store, which is located on the west side of Barksdale Boulevard. The traffic on Boone Street is controlled by a stop light facing only the drivers on Boone Street, who may turn left or right onto Barksdale Boulevard or go straight into the Cascio parking lot. There are streets on either side of Cascio’s Grocery Store which run perpendicular to Barks-dale Boulevard. Both of these streets, Rome and Módica, are on the west side of Barksdale Boulevard, and each one forms a T-shaped intersection with Barksdale Boulevard, which is controlled by a stop light.
On June 28, 2004, a 1995 Ford Crown Victoria taxi cab driven by Willie D. Ford, Jr., pulled out of the parking lot of Cas-cio’s Grocery Store in an eastbound direction across Barksdale Boulevard toward Boone Street. | ¡¡Mr. Ford’s cab was struck on the passenger side by a car driven by Sean Hill, who was traveling north on Barksdale Boulevard.
The plaintiff, Joanna Skulich, was a paying passenger in Mr. Ford’s cab. On June 28, 2005, she filed suit against a number of defendants, including DOTD, seeking damages for injuries she sustained as a result of the accident. The only issue before this court in the instant appeal is the plaintiffs claim against DOTD. She alleged that it was negligent and failed to maintain the highway in a reasonably safe condition; specifically, she contended that DOTD failed to provide appropriate signs and traffic signals.
On January 25, 2007, DOTD filed a motion for summary judgment, arguing that the plaintiff had failed to come forward with any proof to support her allegations of fault on the part of DOTD and there were no genuine issues of material fact; therefore it was entitled to summary judgment as a matter of law. After a hearing in April 2007, the trial court denied the motion as premature. However, following additional discovery, on October 26, 2010, DOTD reurged the motion for summary judgment. A hearing was held on December 13, 2010; the trial court granted summary judgment in favor of DOTD, dismissing the plaintiffs claim against that defendant.[1]
The plaintiff appealed.
*470 J^LAW

Summary Judgment

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Palmer v. Martinez, 45,318 (La.App.2d Cir.7/21/10), 42 So.3d 1147, writs denied, 2010-1952, 2010-1953, 2010-1955 (La.11/5/10), 50 So.3d 804, 805. A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. In re Clement, 45, 454 (La.App.2d Cir.8/11/10), 46 So.3d 804. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action allowed by law. La. C.C.P. art. 966(A)(2). A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Palmer, supra-.
Generally, the party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, it is not necessary to refute every element of the claim. In that case, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Then, the burden shifts to the adverse party to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2).

14Liability of DOTD

DOTD’s duty is to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence. La. R.S. 48:21(A); Netecke v. State ex rel. DOTD, 98-1182 (La.10/19/99), 747 So.2d 489. This duty, however, does not render DOTD the guarantor for the safety of all the motoring public. The existence of an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. Netecke, supra. DOTD cannot be held responsible for all injuries on the state’s highways that result from careless driving. Netecke, supra.
La. R.S. 9:2800(C) states, in pertinent part:
[N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
Louisiana law allows a plaintiff to proceed against a public entity, such as the State through DOTD, under a theory of negligence based on La. R.S. 9:2800. The plaintiff must prove that: (1) the thing that caused her damages was in DOTD’s custody; (2) the thing was defective due to a condition that created an unreasonable risk of harm; (3) DOTD possessed actual or constructive notice of the defect, and *471 failed to take corrective measures to remedy the defect within a reasonable period of time; and (4) the defect was a cause in fact of the plaintiffs injuries. Woods v. State ex rel Louisiana Department of Transportation and Development (DOTD), 43,787 (La.App.2d Cir.12/3/08), 999 So.2d 113; Critton v. State, Department of Transportation and Development, 43,328 (La.App.2d Cir.6/4/08), 986 So.2d 207, writ denied, 2008-1493 (La.10/3/08), 992 So.2d 1019; Kelly v. City of Bossier City, 41,705 (La.App.2d Cir.12/13/06), 945 So.2d 229. Constructive notice shall mean the existence of facts which infer actual knowledge. La. R.S. 9:2800(D). The plaintiffs failure to establish any one of these criteria is fatal to his or her claim. Woods, supra; Critton, supra; Netecke, supra.
It is well settled that compliance with the provisions of the Manual on Uniform Traffic Control Devices (MUTCD), which is mandated by La. R.S. 32:235, is prima facie proof of DOTD’s absence of fault when an injured motorist attempts to predicate DOTD’s liability on improper signalization or road marking. La. R.S. 32:235(E); Jacques v. State ex rel. Transportation and Development, 2003-2226 (La.App. 1st Cir.9/17/04), 905 So.2d 294, writ denied, 2004-3013 (La.2/18/05), 896 So.2d 36. Prima facie proof is sufficient only if not rebutted or contradicted. Donavan v. Jones, 26,883 (La.App.2d Cir.6/21/95), 658 So.2d 755, writs denied, 95-1786, 95-1891 (La.11/3/95), 661 So.2d 1379.

Evidence

In its motion for summary judgment, DOTD argued that the plaintiff had presented no evidence of any negligence or liability by DOTD; furthermore, it asserted that she had also failed to show violation of any duty owed to her by DOTD. In support of its motion, DOTD submitted affidavits from two of its employees, Carla Roberts and Robert Taylor, both | fiof whom worked in DOTD District # 4, which included the accident site. In her affidavit, Ms. Roberts states that she was an assistant traffic engineer for District # 4. She stated that she had personal knowledge of issues with signage and/or signalization at the accident site. According to her, all traffic signage/signalization there was in compliance with MUTCD.
At the time he executed his affidavit, Mr. Taylor was the maintenance engineer for that district; at the time of the accident, he was an assistant maintenance engineer for District #4. As such, he had personal knowledge of the issues, complaints, construction and maintenance projects concerning the accident site. In his affidavit, Mr. Taylor stated that at the time of the accident that there was no record of any DOTD repairs, maintenance or construction projects near the site. Additionally, there were no records of any complaints as to any alleged deficiencies or defects at the site on or about the time of the accident or at least 180 days before the accident. Therefore, he stated, DOTD did not know and could not have known of any alleged defective condition at the site.
In support of its motion for summary judgment, DOTD also submitted excerpts from the plaintiffs deposition; they show that she did not know what caused the auto accident.
In opposition to DOTD’s motion for summary judgment, the plaintiff submitted an affidavit and a supplemental affidavit from Olin K. Dart, Jr., Ph.D., P.E., a consulting engineer with experience in civil engineering and traffic engineering. Dr. Olin found nothing wrong with the traffic signal controls at the accident site. In fact, in his original affidavit, he noted that | improvements made pursuant to a 1997 state project provided better signal visibility at the site and coordinated signals along *472 Barksdale Boulevard. However, he opined that traffic should not be allowed to exit the Cascio parking lot onto Barksdale Boulevard at its intersection with Boone Street because it created a “serious hazard making the highway unreasonably dangerous.” He further opined that “[t]his condition was most probably a contributing cause of the subject crash.” In his supplemental affidavit, Dr. Dart stated that the intersection of Barksdale with Rome/Boone Streets was “properly designed and signalized except for the open access” on the east side of the Cascio parking lot. He then stated that eliminating vehicle movement from the parking lot into the intersection would have more probably than not prevented the accident.[2]
In his affidavits, Dr. Dart suggested several methods for forcing traffic leaving the Cascio parking lot to exit by way of Rome Street or Módica Street, which had signal lights at their intersections with Barksdale Boulevard. They included replacing the rollover curb along Barksdale Boulevard with a six-inch high barrier curb, extending the concrete island at Rome Street and Barksdale Boulevard all the way to Módica Street, or the installation of a “DO NOT ENTER” sign supplemented with delinea-tors to block the driver’s path from the parking lot onto Barksdale Boulevard.
In her original opposition to DOTD’s motion for summary judgment, the plaintiff submitted excerpts from the deposition of Mr. Ford, the driver |8of the taxi in which the plaintiff was riding at the time of the accident; he blamed the collision on the other driver, Mr. Hill, allegedly running a red light.

Discussion

In support of its motion for summary judgment, DOTD pointed out in Ms. Roberts’ affidavit that it was in compliance with MUTCD. Once the DOTD supported its motion with this evidence, the burden shifted to the plaintiff to bring forth evidence showing that there was a genuine issue of material fact as to whether DOTD had a duty to do more. The plaintiffs expert failed to rebut or contradict DOTD’s evidence in his affidavits. Nowhere does the plaintiffs expert assert that DOTD was in violation of any standard, state or federal. He merely made a conclusory statement that the parking lot egress and ingress was unreasonably dangerous. Affidavits that are devoid of specific underlying facts to support a conclusion of ultimate “fact” are not legally sufficient to defeat summary judgment. Lewis v. Four Corners Volunteer Fire Department, 2008-0354 (La.App. 1st Cir.9/26/08), 994 So.2d 696. The evidence presented by the plaintiff failed to demonstrate that the area of Barksdale Boulevard where the accident occurred was unreasonably dangerous requiring additional safety measures, such as the placement of more traffic devices or signage.
Upon our de novo review, we conclude that summary judgment in favor of DOTD is appropriate. Finding no error in the trial court’s granting |9of DOTD’s motion for summary judgment and its dismissal of DOTD from the instant suit, we affirm.
CONCLUSION
The trial court ruling granting DOTD’s motion for summary judgment and dismissing DOTD from this lawsuit is affirmed. Costs of this appeal are assessed against the plaintiff/appellant, Joanna Sku-lich.
AFFIRMED.

. In December, 2010, the trial court also granted a motion for summary judgment in *470 favor of another defendant, the City of Bossier City, dismissing it from the suit. No appeal was taken from that judgment.

. The other portions of Dr. Dart's affidavits address the possible negligence of the drivers.