LOLLEY, J.
h Calvin Arnold Lain appeals the judgment of the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, wherein the trial court granted summary judgment in favor of defendants, the State of Louisiana through the Department of Transportation and Development (the “DOTD”), Highway Graphics, Inc., and the Gray Insurance Company. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.
FACTS
On December 17, 2006, Highway Graphics, Inc. (“Highway Graphics”), conducted a centerline striping operation along Interstate 20 East just east of Bossier City, Louisiana, pursuant to a contract with the DOTD. The centerline operation consisted of several vehicles moving slowly along the left lane of the roadway. The first vehicle in the procession ground up the existing centerline. A crew of workers on foot followed immediately behind and laid out new centerline tape, while a truck carrying a large arrow board (which was intended to warn motorists) drove slowly behind the workers and rolled over the *565 new centerline tape. Next in the procession came a truck with a large arrow board carrying a DOTD supervisor, a police vehicle with flashing lights, a crash truck with a large arrow board, another police vehicle with flashing lights, and another crash truck with a large arrow board. On the day in question, the work crew started on Interstate 20 at mile marker 27 around 7:00 a.m. By the time the operation reached mile marker 30.5 at 2:45 p.m., traffic had backed up 2½ miles behind the operation.
| gAt the same time, Josie Lain, and her passenger and husband Calvin Arnold Lain, traveling east on Interstate 20, approached the two and a half mile line of traffic (the “traffic queue”) behind the operation, and began to slow down in the right lane. As the Lain vehicle slowed, Enedelia Chapa, driving a fully loaded 18-wheeler truck behind the Lain vehicle, was reaching for a soda in the passenger seat of her truck and did not notice the slowing traffic. By the time Chapa looked up and realized that the speed of traffic had dramatically slowed, she was unable to stop her truck and skidded into the back of the Lains’ vehicle. Josie Lain died as a result of the accident and Calvin Lain (“Lain”) sustained severe and permanently debilitating injuries.
Lain initially filed a suit against Chapa and her employer Hall Transport, Inc. (“Hall Transport”), alleging negligence. Thereafter, Lain amended his petition by adding the DOTD and Highway Graphics as defendants, claiming that they failed to provide proper advance warning to motorists approaching the operation. Ultimately Lain settled his claim against Chapa and Hall Transport.
In May 2011, the DOTD and Highway Graphics filed motions for summary judgment asserting that because the submitted evidence established they were in compliance with the provisions of the Manual on Uniform Traffic Control Devices (“MUTCD”), the burden of proof shifted to Lain pursuant to La. R.S. 32:235, and Lain had failed to show that the defendants had a duty to do more. Additionally, they argued that Chapa’s | (¡extreme negligence was the sole cause of the accident which additional warning signs could not have prevented. Ultimately, the trial court granted summary judgment in favor of Highway Graphics, the DOTD, and the Gray Insurance Company (collectively, the “defendants”). Lain filed a written motion for new trial, which the trial court denied. This appeal followed.
DISCUSSION
As his first assignment of error, Lain argues that the trial court erroneously granted the defendants’ motions for summary judgment. Primarily, Lain asserts that the evidence creates a genuine issue of material fact as to whether the defendants’ failure to provide any advance warning to oncoming motorists at the tail end of the traffic queue, in violation of their own Temporary Traffic Control Plan (“TCP”), created an unreasonably dangerous condition directly causing the accident. We agree.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42. Summary judgment will only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue exists to preclude the grant of summary judgment where reasonable persons, *566 after considering the evidence, could disagree. Toston v. St. Francis Medical Center, Inc. ex rel. Bd. of Supr’s of Louisiana State University and Agr. and Mechanical College, 47,529 (La.App.2d Cir.12/17/12), 108 So.3d 197.
The State is not the guarantor of the safety of travelers, but owes a duty to keep highways and shoulders reasonably safe for non-negligent motorists. Lewis v. State Through Dept. of Transp. and Development, 94-2370 (La.04/21/95), 654 So.2d 311, 314. In order to establish a breach of the DOTD’s duty to maintain safety for the motoring public, a plaintiff must show that: 1) the thing that caused the harm was in the DOTD’s custody; 2) the thing was defective due to a condition that created an unreasonable risk of harm; 3) the DOTD possessed actual or constructive notice of the defect, and failed to take corrective measures to remedy the defect within a reasonable period of time; and, 4) the defect was a cause in fact of plaintiffs injuries. Woods v. State ex rel. Louisiana Dept. of Transp. and Development (DOTD), 43,787 (La.App.2d Cir.12/03/08), 999 So.2d 113.
It is well settled that compliance with the provisions of the MUTCD, which is mandated by La. R.S. 32:235, is prima facie proof of the DOTD’s absence of fault when an injured motorist attempts to predicate the DOTD’s liability on improper signalization or road marking. La. R.S. 32:235(E); Skulich v. Fuller, 46, 733 (La.App.2d Cir.12/14/11), 82 So.3d 467. Once the DOTD has supported its motion with evidence proving that it was in compliance with the MUTCD, the plaintiff must produce evidence showing that there is a genuine issue of material fact as to whether the DOTD had a duty to do more. Id.
| ¿Here, the trial court correctly held that the defendants produced sufficient evidence to prove that they complied with and exceeded the minimum requirements set forth by the MUTCD for a mobile operation. However, after reviewing the record, we believe that Lain satisfied his burden of production creating a genuine issue of material fact as to whether the minimum precautionary measures imposed by the MUTCD and the additional measures taken by the defendants failed to adequately warn oncoming motorists creating an unreasonably dangerous situation.
First and foremost, it is clear from a review of the record that motorists traveling east on Interstate 20 at a minimum of 70 miles per hour toward a line of stalled traffic were not afforded any advance notice of the abrupt change in traffic speed by the defendants. The affidavits of Dale Sullivan, Jr., who witnessed the accident, and Thomas Knudsen, who arrived immediately after the accident, stated that there were no signs at the scene of the accident to warn motorists of the abrupt change in traffic speed. The depositions of Louisiana State Troopers Timothy Gray and William Green, both assigned to the centerline operation on the day of the accident, indicate that they were never directed by either the DOTD or Highway Graphics to locate their police vehicles with lights flashing near the tail end of the traffic queue. Indeed, it is undisputed that all warning signs were deployed at the site of the centerline operation 2½ miles east of the accident site.
The DOTD was well aware that the striping operation would pass by the interchange of Interstate 20 and Interstate 220 on the day of the | ^accident. Reasonable minds could conclude that the resulting traffic congestion caused by the impediment of the centerline operation near the intersection of two high-volume roadways was foreseeable and that the halting of *567 traffic on a highspeed interstate highway without any advance notice posed a significant hazard. Indeed the submitted evidence suggests that the DOTD recognized this hazard and went above and beyond the minimum requirements of the MUTCD by amending its original Traffic Control Plan (“TCP”) and requiring Highway Graphics to station an additional police vehicle at the tail of the traffic queue. For whatever reason, both the DOTD and Highway Graphics failed to ensure that this prudent precautionary measure was employed.
The defendants argue that even if they had warned oncoming motorists of the traffic buildup, Chapa’s negligence was so great that the accident would still have occurred and, therefore, any failure on the part of the defendants to adequately warn the motoring public could not be a cause in fact of the accident. The record does not support this argument. Lain’s expert witness, Michael Barrentine, stated in his deposition that interstate highways are generally designed to provide a sight distance of 1000 feet from every point on the road. Indeed, the submitted photographic evidence seems to indicate that Chapa could have spotted the flashing lights of a police vehicle at a much greater distance than the 1000 feet discussed by Barrentine. Assuming that Chapa was distracted for the maximum alleged period of four seconds, a reasonable trier of fact could conclude that she would have had a significant opportunity to observe the flashing lights of a 17poIice vehicle, acknowledge the obstacle ahead, and take the necessary precautions to avoid an accident like the one that unfortunately occurred. Thus, the determination of this issue of material fact is more suited to the careful consideration of a jury or judge with all the evidence before it and not amenable to summary judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. All costs of this appeal shall be paid by the State of Louisiana through the Department of Transportation and Development, Highway Graphics, Inc, and the Gray Insurance Company, pursuant to La. R.S. 13:5112, in the amount of $172.50.
REVERSED AND REMANDED.