Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,342-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KATHY NOLAND, ET AL                           Plaintiffs-Appellants

versus

HERMAN LENARD, ET AL                          Defendants

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Jackson, Louisiana
Trial Court No. 32,142

Honorable William R. "Rick" Warren, Judge

* * * * *

T. TAYLOR TOWNSEND, LLC                       Counsel for Appellants,
By:  T. Taylor Townsend                       Kathy Noland and James
                                              Noland

YOCOM LAW FIRM, LLC
By:  Jimmy "Jimbo" Yocom, Jr.


JEFF LANDRY                                    Counsel for Appellee,
Attorney General                              State of Louisiana,
                                              through the DOTD

JEANNIE C. PRUDHOMME
GREGORY S. BARKLEY
Assistant Attorneys General

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

**PITMAN, C. J.**

Plaintiffs-Appellants Kathy Noland and James Noland (collectively, the "Nolands") appeal the district court's granting of a motion for summary judgment in favor of Defendant-Appellee the State of Louisiana, Department of Transportation and Development (the "DOTD"). For the following reasons, we affirm.

## FACTS

On April 7, 2010, the Nolands filed a petition for damages and named as defendants Herman Lenard and the Town of Chatham. They stated that on or about April 16, 2009, Mrs. Noland was sitting in their parked vehicle outside of J&H Cookin ("J&H"), a restaurant owned by Lenard, when their vehicle was struck by another vehicle that veered off Louisiana Highway 4. They argued that the cause of the collision was the location of the parking area adjacent to the highway, which was an unreasonably dangerous and unapparent roadway hazard, and that it could have been prevented if Lenard provided a reasonably safe parking area. They further contended that the Town of Chatham had a duty to maintain highways and roadways within its territorial confines in a reasonably safe condition and manner and that it breached that duty by allowing Lenard to maintain a parking area in front of the business and adjacent to Highway 4 without a safe zone. The Nolands alleged that as a result of the collision, Mrs. Noland suffered damages and losses, including physical pain and suffering, mental pain and anguish, loss of income, disfigurement, disability and medical bills. They alleged that Mr. Noland suffered a loss of consortium, services and society with his wife.

On September 29, 2010, the Nolands amended their petition to add the DOTD as a defendant. They explained that the Town of Chatham and/or the

DOTD had a duty to maintain highways and roadways in a reasonably safe condition and that they breached that duty by allowing Lenard to maintain a parking area adjacent to Highway 4 without a safe zone.

On November 19, 2020, the DOTD filed an answer. It stated that the conditions present at the location of the collision did not present an unreasonable risk of harm to the public and that no unreasonably dangerous conditions existed. It alleged the fault and/or negligence of Danny Nelson by driving at an excessive rate of speed, driving in a careless and reckless manner and failing to maintain control of his vehicle.

The Nolands' claims against Lenard and the Town of Chatham were dismissed with prejudice.

On July 22, 2022, the DOTD filed a motion for summary judgment. It denied any and all allegations of fault or negligence asserted by the Nolands; denied that it owed any duty whatsoever in this instance to any party or person; and denied that there were any unreasonably dangerous defects in or on the highway, roadway or shoulder over which it allegedly had responsibility. It stated that the Nolands had not presented any evidence of an unreasonably dangerous defect or condition on the section of roadway or shoulder at issue. It contended that the Nolands could present no evidence of any negligence or liability on its part, nor could they show that it violated any duty allegedly owed to them. It attached to its motion the expert affidavit of John Michael McInturff, a civil engineer, which established that the collision was caused solely by the fault and extreme gross negligence of Nelson, the adverse driver. It explained that Nelson failed to obey the posted speed limit, lost control of his vehicle, traveled off the roadway, struck two or three parked vehicles and struck the Nolands' parked vehicle.

2

It stated that McInturff confirmed that it was not in violation of any required design, construction, traffic engineering standard, policy or regulation relating to Highway 4 or the surrounding area.

On October 4, 2022, the Nolands filed an opposition to the motion for summary judgment. They argued that the DOTD was negligent by allowing parking within the highway right-of-way in front of J&H and that genuine issues of material fact exist as to each element of the duty-risk analysis.

A hearing on the motion for summary judgment was held on November 10, 2022. The DOTD provided information about the collision and explained that Nelson was driving his vehicle at least 70 miles per hour in a 30 mile-per-hour zone when he lost control of his vehicle. The vehicle left the westbound lane, crossed the center lines, entered the eastbound lanes, crossed over the paved shoulder and into the right-of-way and then collided with six vehicles in the J&H parking area, including the Nolands' vehicle. The DOTD noted that the Nolands did not name Nelson, who died in the collision, as a defendant. It argued that the Nolands had not presented evidence to show any type of duty on its part. It detailed the findings of its experts and emphasized that there is no authority stating that the DOTD can intervene in the construction of a parking area; that there is no evidence of an unreasonably dangerous defect in the section of roadway, shoulder or right of way at issue; and that there was no violation of any regulation.

The Nolands argued that an application of the duty-risk analysis showed that there was a genuine issue of material fact as to each factor. They contended that the DOTD has a duty to ensure that roadways and rights-of-way are reasonably safe and clear of obstructions and that it breached this duty by allowing parking in the J&H parking area. They

3

argued the DOTD has the duty to issue permits to regulate entrances and exits of private property and breached that duty by failing to ensure that proper permits were taken out by those constructing within the clear zone. They contended that Nelson was partially at fault but not solely at fault and that his liability is irrelevant to the liability the DOTD bears.

The district court found that the sole cause of the collision was Nelson driving through the intersection at 70 miles per hour and losing control of his vehicle. Accordingly, the district court granted the motion for summary judgment.

On November 10, 2022, the district court filed a judgment in favor of the DOTD and against the Nolands. It sustained the DOTD's motion for summary judgment and dismissed the Nolands' claims with prejudice and at their costs.

The Nolands appeal.

**DISCUSSION**

In their sole assignment of error, the Nolands argue that the district court erred when it granted the DOTD's motion for summary judgment and contend that there are genuine issues of material fact as to the DOTD's liability for their damages. They allege that the DOTD has a duty to maintain the area within the right-of-way, to ensure any construction within its rights-of-way is properly permitted and to regularly inspect the highway for third-party construction to ensure safety and compliance with state ordinances and internal protocol. They contend that the DOTD breached these duties when it allowed unreasonably dangerous and unpermitted parking spaces to be constructed within the Highway 4 right-of-way. They argue that but for the DOTD's breach of its duties, they never would have

4

parked a few feet from the highway and Mrs. Noland would not have been injured in the collision.

The DOTD argues that the district court correctly granted the motion for summary judgment in its favor because no genuine issues of material fact exist regarding its liability. It contends that even though J&H's parking area is within the DOTD's right-of-way, the Nolands failed to show that the area created an unreasonably dangerous condition that was a cause-in-fact of the collision or that the DOTD had notice of a defect and failed to timely remedy the condition. It argues that the district court correctly determined that Nelson's negligence was the sole cause of the collision. It explains that the location of the parking area did not cause Nelson to drive at an excessive speed, lose control of his vehicle and collide with the Nolands' vehicle.

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Reynolds v. Bordelon*, 14-2371 (La. 6/30/15), 172 So. 3d 607. Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Id*.

The procedure for motions for summary judgment is found in La. C.C.P. art. 966, and the 2016 version of this article applies in this case. A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). La. C.C.P. art. 966(D)(1) states:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the

5

mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Louisiana law allows a plaintiff to proceed against a public entity, such as the State through the DOTD, under a theory of negligence based on La. R.S. 9:2800. *Skulich v. Fuller*, 46,733 (La. App. 2 Cir. 12/14/11), 82 So. 3d 467. La. R.S. 9:2800(C) states in part:

> [N]o person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

A plaintiff must show that: (1) the DOTD had custody of the thing that caused plaintiffs' damages, (2) the thing was defective because it had a condition that created an unreasonable risk of harm, (3) the DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and (4) that the defect was a cause-in-fact of plaintiffs' injuries. *Brown v. Louisiana Indem. Co.*, 97-1344 (La. 3/4/98), 707 So. 2d 1240, *citing Lee v. State Through Dep't of Transp. & Dev.*, 97-0350 (La. 10/21/97), 701 So. 2d 676. To recover, the plaintiff bears the burden of proving all these inquiries in the affirmative, and failure on any one is fatal to the case. *Netecke v. State ex rel. DOTD*, 98-1182 (La. 10/19/99), 747 So. 2d 489.

The functions of the DOTD are to study, administer, construct, improve, maintain, repair and regulate the use of public transportation

systems and to perform such other functions with regard to public highways, roads and other transportation related facilities as may be conferred on it by applicable law. La. R.S. 48:21(A). The DOTD has a duty to maintain the public roadways in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence. *Netecke v. State ex rel. DOTD*, *supra*. This duty, however, does not render the DOTD the guarantor for the safety of all the motoring public. *Id*. The DOTD is not the insurer for all injuries or damages resulting from any risk posed by obstructions on or defects in the roadway or its appurtenances. *Id*. The existence of an unreasonable risk of harm may not be inferred solely from the fact that an accident occurred. *Id*. The DOTD cannot be held responsible for all injuries on the state's highways that result from careless driving. *Id*. Whether the DOTD breached its duty to the public, by knowingly maintaining a defective or unreasonably dangerous roadway, depends on the facts and circumstances determined on a case-by-case basis. *Id*.

In this case, the Nolands failed to present any evidence that a defective condition in the roadway created an unreasonable risk of harm to the motoring public and ultimately caused or contributed to their damages. The record, through McInturff's expert affidavit, shows that Nelson's careless and negligent driving solely caused the collision and resulting injuries to Mrs. Noland and damages to the Nolands. Notably, the affidavit of V.O. Tekell, Jr., the Nolands' expert engineer, does not demonstrate that the location of the J&H parking area was unreasonably dangerous. We need not consider the other elements set forth in La. R.S. 9:2800 because the Nolands' failure to prove any one element is fatal to their case. The district

7

court did not err in determining that there are no genuine issues of material fact as to the DOTD's liability in this case and granting summary judgment in favor of the DOTD.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's granting of summary judgment in favor of the State of Louisiana, Department of Transportation and Development. Costs of this appeal are assessed to Plaintiffs-Appellants Kathy Noland and James Noland.

**AFFIRMED.**