# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 24-20


**GREGORY CHANK**

**VERSUS**

**STARR INDEMNITY & LIABILITY**

**INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 19-C-0608-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## GUY E. BRADBERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Guy E. Bradberry, Judges.


**REVERSED AND REMANDED.**

**Charles J. Foret**
**Briney & Foret**
**P. O. Drawer 51367**
**Lafayette, LA 70505**
**(337) 237-4070**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Roadsafe Traffic Systems, Inc.**

**Andrew H. Meyers**
**Breaud & Meyers**
**420 Oil Center Drive**
**Lafayette, LA 70503**
**(337) 266-2200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana, through the Department of Transportation &**
    **Development**

**Kevin Joseph Koenig**
**Raggio, Cappel, Chozen & Berniard**
**P. O. Box 3146**
**Lake Charles, LA 70602-3146**
**(337) 436-9481**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allstate County Mutual Insurance Company**

**Jeannie C. Prudhomme**
**Assistant Attorney General**
**556 Jefferson Street, 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Attorney General's Office**

**Jean Ann Billeaud**
**Jeffrey Allan Riggs**
**Lewis Brisbois Bisgaard & Smith, LLP**
**100 E Vermilion Street,  Suite 300**
**Lafayette, LA 70501**
**(337) 326-5777**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Rockhill Insurance Company**
    **Partridge-Sibley Industrial Service, Inc.**
    **Terry Gates**

**F. Forrester Willoz, IV**
**3900 N. Causeway, Suite 1060, One Lakeway Center**
**Metairie, La 70002**
**(504) 219-2030**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Stripe-A-Zone-LA, LLC**

**Kathleen P. Rice**
**Frilot LLC**
**3700 Energy Center**
**1100 Poydras**
**New Orleans, LA 70163**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Evans Insurance Company**

**Jerome H. Moroux**
**Scott M. Richard**
**Kenneth P. Hebert**
**Broussard & David, LLC**
**P.O. Box 3524**
**Lafayette, LA 70502-3524**
**(337) 233-2323**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Gregory Chank**

**Ronald Shane Bryant**
**1615 Poydras Street, Suite 1250**
**New Orleans, LA 70112**
**(504) 592-4600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bobby Guidroz, Sheriff of St. Landry**

**Andre M. Boudreaux**
**Geiger, Laborde & Laperouse, LLC**
**701 Poydras Street, Suite 4800**
**New Orleans, LA 70139**
**(504) 654-1340**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Starr Indemnity & Liability Insurance Company**

**Abby Roberts Lukov**
**601 Poydras Street, 24th Floor**
**New Orleans, LA 70130-6036**
**(504) 525-8000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Gregory Chank**

**BRADBERRY, Judge.**

The issues in this case center around whether the trial court erred in granting summary judgment in favor of the State of Louisiana through the Department of Transportation and Development (DOTD) and Stripe-A-Zone-LA, LLC (Stripe-A-Zone) and dismissing the Plaintiff's case against them. The remaining Defendants, Terry Gates (Mr. Gates), his employer, Partridge-Sibley Industrial Service, Inc., and its insurer, Rockhill Insurance Company, allege that evidence was improperly excluded and that the trial court erred in granting summary judgment. Plaintiff did not file an appeal.

## FACTS

This case involves a chain-reaction accident on Interstate 49 on March 15, 2018. Gregory Chank (Mr. Chank) was operating a vehicle northbound on Interstate 49 at the same time Mr. Gates was operating a tractor-trailer rig several vehicles behind Mr. Chank. Mr. Gates struck the rear of another automobile, causing a chain-reaction collision involving several vehicles and resulting in another vehicle striking Mr. Chank's vehicle. At the time of the accident, Stripe-A-Zone was performing road-striping work on Interstate 49.

Mr. Chank filed suit on February 7, 2019, against numerous parties. He argued that proper signage regarding the striping activities was not in place at the time of the accident. DOTD and Stripe-A-Zone both filed motions for summary judgment in 2023 arguing that there was no evidence indicating that that they were responsible for the accident. A hearing on the motions was held on September 25, 2023. Following the hearing, the trial court granted the motions for summary judgment and signed judgments dismissing both parties from the case.

Mr. Gates, Partridge-Sibley Industrial Service, and Rockhill Insurance Company (collectively referred to as Appellants) appeal the judgments.

**EVIDENTIARY MATTERS**

**Affidavit of Gregory Chank**

Appellants first argue that the trial court erred in excluding the affidavit of Mr. Chank. DOTD and Stripe-A-Zone state in their briefs that the trial court did not exclude the affidavit. Appellants rely on the minutes, stating that it did.

The transcript of the hearing provides the following statement by the trial court:

> Well, let me stop you. I don't think it's objectionable on the issue of relevance. It's is it [sic] a document that can be used either to support or to oppose a summary judgment, and certainly an Affidavit is one of those documents. Now, it may not do anything, and that you certainly can argue in your motion, but I don't know that it's objectionable on the issue of relevance.

The minutes of the hearing provide: "The Court finds that the plaintiff's exhibits attached to the Opposition to Motion for Summary Judgment and plaintiff's exhibits attached to the Opposition to Motion for Summary Judgment, are inadmissible."

We first observe that the minutes do not specifically refer to each piece of evidence that Mr. Chank offered in opposition to the motions for summary judgment, but merely refer to the evidence as a whole.

"Where the minute entry and transcript conflict, the transcript prevails." *State v. Watson*, 00-1580, p. 3, fn. 4 (La. 5/14/02), 817 So.2d 81.

We find that the trial court allowed admission of the affidavit and specifically considered it later in the hearing. When counsel for Mr. Chank made the argument that Mr. Chank's affidavit stated that he did not see any signs indicating the road

striping activity, the trial court noted that "[h]is Affidavit doesn't say they weren't there."

We find no merit to this assignment of error and will consider the affidavit, as did the trial court, in our discussion of whether the trial court properly granted the motions for summary judgment.

**Record of the DOTD**

The Appellants also claim that the trial court erred in excluding a record that was produced by DOTD in related litigation. They claim this record was self-authenticating and certified. In opposition, the DOTD and Stripe-A-Zone argue that the evidence was an uncertified and unauthenticated email purporting to be a subpoena response by DOTD in an unidentified "earlier suit." They argue that the Appellants submitted a copy of an email to which DOTD document was attached. Specifically, they argue that the exhibit does not identify any lawsuit, contains no caption, and is not a pleading. No subpoena duces tecum or written subpoena response was included nor was there an attorney signature or verification. Furthermore, the document was not certified by any court. They argue that the exhibit is nothing more than hearsay.

Louisiana Code of Civil Procedure Article 966(A)(4)(a)(emphasis added) provides the types of documents that may be introduced in favor of or in opposition to a motion for summary judgment as follows:

> The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, **certified copies of public documents or public records**, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

3

Louisiana Code of Evidence Article 905 provides for the authentication of copies of public records as follows:

> **A. Self-authentication.** Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to a document purporting to be a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, when it is certified as being true or correct by the custodian or other person authorized to make the certification, by certificate complying with Article 902(1), (2), or (3) and when, by statute, it is made to be presumptively or prima facie genuine or authentic.

> **B. Copy of original document described in Paragraph A.** A document which purports to be a copy of an original document described in Paragraph A shall be deemed as authentic as the original when certified as true or correct by the custodian or other person authorized to make the certification, by certificate complying with Article 902(1), (2), or (3).

> **C. Copy of other public records.** A document which purports to be a copy of an original document, other than a document described in Paragraph A, which is recorded or filed in a public office, including a data compilation in any form, shall be prima facie evidence that the copy accurately reflects the contents of the document which is filed or recorded when the copy is certified as true or correct by the custodian or other person authorized to make the certification, by certificate complying with Article 902(1), (2), or (3).

As noted in Comment (d) to the article, "The certified copy, however, is not admissible unless it itself is authentic, that is, an accurate copy of the original document retained in the public office. Paragraph C of this Article provides for prima facie authenticity of such a certified copy."

The evidence Appellants sought to introduce was a copy of a copy that had been certified. The copy they sought to introduce was not itself certified. It is attached to an email which was not in any way related to the present case.

In *State v. Honeycutt*, 29,596, p. 5 (La.App. 2 Cir. 8/20/97), 698 So.2d 718, 721, the second circuit held that faxed copies of a bill of information and court

minutes only contained a copy of the "clerk's signature attesting that each document was a 'true copy.'" The court found that this is not sufficient to establish authentication. We agree. A copy of a certified copy is not admissible as an authenticated public record under La.Code Evid. art. 905. It must be a certified copy itself. The trial court did not err in excluding this evidence.

## MOTION FOR SUMMARY JUDGMENT

The trial court granted the motion for summary judgment finding that neither DOTD nor Stripe-A-Zone breached any duty. Appellants argue that the trial court erred in granting a motion for summary judgment because the evidence submitted created a genuine issue of material fact as to whether there was proper signage and/or warnings in place at the time of the subject accident.

> A ruling on a motion for summary judgment is reviewed under a de novo standard, with the appellate court using the same criteria that govern the district court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Pursuant to La. Code Civ. P. art. 966(D)(1), the burden on the party moving for summary judgment "does not require him to negate all essential elements of the adverse party's claim, action, or defense, but ratherto point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. La. Code Civ. P. art. 967(B). Once a motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

*Corbajal v. Chris Owens French Quarter Parade, LLC*, 24-191, pp. 3–4 (La. 5/21/24), 385 So.3d 236, 237-38 (case citations omitted).

The State owes a duty to keep highways and shoulders reasonably safe for non-negligent motorists even though it is not the guarantor of their safety. *Lain v.*

*Chapa*, 48,000 (La.App. 2 Cir. 5/15/13), 114 So.3d 563, *writs denied*, 13-1753, 13-1759 (La. 11/1/13), 125 So.3d 433, 434.

> In order to establish a breach of the DOTD's duty to maintain safety for the motoring public, a plaintiff must show that: 1) the thing that caused the harm was in the DOTD's custody; 2) the thing was defective due to a condition that created an unreasonable risk of harm; 3) the DOTD possessed actual or constructive notice of the defect, and failed to take corrective measures to remedy the defect within a reasonable period of time; and, 4) the defect was a cause in fact of plaintiff's injuries.

*Id*. at 566.

Furthermore, DOTD is not responsible for all accidents that occur on the state's highways that result from careless driving and is not responsible merely because an accident occurred. *Skulich v. Fuller*, 46,733 (La.App. 2 Cir. 12/14/11), 82 So.3d 467.

Louisiana Revised Statutes 32:235(E) provides that "[p]roof that any state, parochial or municipal authority was at the time of any incident complained of in compliance with the provisions of the department's traffic control devices manual shall be prima face evidence of discharge by such authority of its obligations to the motoring public."

In this case, the DOTD and Stripe-a-Zone, as the movers for the motion for summary judgment, introduced the affidavit of Jeremy Evans, who was the traffic control supervisor for Stripe-A-Zone at the time of the accident. Mr. Evans stated that he would inspect and monitor the traffic controls for the project including traffic control signage and positioning. He explained that the work involved road striping which was not static and moving slowly along Interstate 49. Mr. Evans stated that two truck mounted attenuators were being utilized along with various other traffic control devices, with message boards positioned on top of the trucks. Mr. Evans' truck-mounted attenuator was approximately 1000 feet ahead of a Sheriff's unit,

which had its flashing lights illuminated. Mr. Evans stated that the traffic controls were in the proper position and that DOTD inspectors confirmed that signage was placed properly before operations began.

We find that this affidavit is insufficient to establish entitlement to a motion for summary judgment. As the movers, it was DOTD's and Stripe-A-Zone's burden to establish that proper signage was in place at the location of the accident. While in his affidavit Mr. Evans discusses what measures were taken to indicate road striping activities in the area, there are no specifics as to whether these measures complied with the department's traffic control devices manual, which would be prima facie proof of DOTD's absence of fault pursuant to La.R.S. 32:235(E). There are also no details about the location of the signage in regard to the site of the accident itself.

We find that trial court erred in granting summary judgment in favor of DOTD and Stripe-A-Zone and remand the case to the trial court for further proceedings. Costs of this appeal in the amount of $3,094.64 are assessed equally to the State of Louisiana, through the Department of Transportation and Development, and Stripe-A-Zone-LA, LLC.

**REVERSED AND REMANDED.**