939 So.2d 499 (2006)
Jerry Wallace PETCH and Olita Mae Bennet Petch, Plaintiffs-Appellants
v.
Dr. Dallas D. HUMBLE, Leslie R. Humble, Chad Pickle, and P & H Enterprises, Defendants-Appellees.
No. 41,301-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
Rehearing Denied September 21, 2006.
*501 J. Arthur Smith, Baton Rouge, for Appellants.
Daniel P. Parker, for Appellees.
Before BROWN, STEWART and GASKINS, JJ.
STEWART, J.
Plaintiffs, Jerry Wallace Petch and Olita Mae Bennet Petch, seek reversal of the partial summary judgment rendered by the trial court dismissing their claims against defendants, Dr. Dallas D. Humble, Leslie R. Humble, and Chad Pickle. For the following reasons, the judgment of the trial court is hereby affirmed.

FACTS
Jerry and Olita Petch own and reside on approximately five acres of land located on the Wall Williams Road in West Monroe, Louisiana. In addition to their residence, the land contains a recreational fishing pond which is the alleged focal point of the property. Its aesthetic appeal is one of the main reasons the Petches purchased the property.
On May 10, 2005, plaintiffs filed suit for an injunction and damages against Dr. Dallas D. Humble, Leslie R. Humble, Chad Pickle, and P & H Enterprises. The petition claims that Dr. Dallas D. Humble, Leslie R. Humble and Chad Pickle, doing business as an unincorporated association by the name of P & H Enterprises, are the owners of property located directly across the Wall Williams Road from the Petches' property and are developing a subdivision by the name of Delta Point Subdivision thereon. The Petches allege that defendants have removed the vegetative cover on the property causing it to erode and drain onto the plaintiffs' property and deposit large volumes of silt, sand and sediment into the plaintiffs' fishing pond. The petition claims that the defendants have been negligent in failing to obtain a stormwater permit from the Louisiana Department of Environmental Quality ("LDEQ") before commencing operations and in failing to employ a stormwater pollution prevention plan.
On May 24, 2005, defendants filed an answer generally denying the allegations of the plaintiffs' petition. The answer also asserts that P & H Enterprises is not an unincorporated association but a limited liability company established under the laws of the State of Louisiana. On May 31, 2005, the defendants filed an amending answer substituting the proper name of the limited liability company, P & H Development, L.L.C., for P & H Enterprises.
On July 8, 2005, Dr. Dallas D. Humble, Leslie R. Humble, and Chad Pickle filed a motion for partial summary judgment requesting dismissal of the plaintiffs' claims against them on the basis that they are neither the owners of the property on which Delta Point Subdivision is being developed nor the developers thereof. Attached to the motion for summary judgment were affidavits of each of the three movers in which each asserts that he never had any individual ownership interest in any of the property being developed as the Delta Point Subdivision, nor performed any acts or omissions in relation to the development outside his role as an agent or employee of P & H Development, L.L.C. The articles of organization and initial report of P & H Development, L.L.C. reflecting that the movers were all members of the limited liability company since its inception on January 26, 2004, were also attached to the motion.
In opposing the motion for summary judgment, plaintiffs submitted copies of the following documents:
1. A Cash Deed dated January 27, 2004, wherein P & H Development, *502 L.L.C. purchased the property on which Delta Point Subdivision was to be developed;
2. An Act of Cash Sale dated January 14, 2005, wherein P & H Development, L.L.C., appearing as seller, sold a subdivided lot within the property purchased on January 27, 2004;
3. A Declaration of Building Restrictions and Covenants for Delta Point Subdivision dated January 25, 2004;
4. Two separate documents entitled CERTIFICATION OF AUTHORITY TO ACT FOR P & H DEVELOPMENT, L.L.C. A LIMITED LIABILITY COMPANY dated January 31, 2005, and March 7, 2005, the first of which gives Leslie R. Humble the authority to act on behalf of the company and the second of which gives that authority to both Leslie R. Humble and Dallas D. Humble.
While references to and the signatures of Dallas D. Humble, Leslie R. Humble, and Chad Pickle appear throughout these documents, they are always in their representative capacity as "members" of P & H Development, L.L.C. Plaintiffs argue that these documents reflect that one or more of the defendants seeking dismissal from the suit was a "party" to each of these transactions, thus evidencing their "active, functional involvement in the decision-making process" of P & H Development, L.L.C. Plaintiffs asserted that this "involvement" caused damage to their property giving them the right to seek redress from these individuals under La. C.C. arts. 667 and 2315.
On August 9, 2005, the trial court granted the plaintiffs' request to be allowed to amend their original petition to add P & H Development L.L.C. as a defendant. The individual defendants' motion for partial summary judgment and the plaintiffs' request for the preliminary injunction came for hearing on August 11, 2005. The parties stipulated to the issuance of a preliminary injunction ordering the defendants to comply with the requirements of the permit issued to them by the LDEQ in connection with the subdivision development. After hearing argument on the motion for summary judgment, the trial court took the matter under advisement. On November 16, 2005, the trial court issued written reasons for judgment granting the partial motion for summary judgment. A final judgment to this effect was signed the same day. The instant appeal followed.

STANDARD OF REVIEW
Louisiana Code of Civil Procedure Article 966(B) provides, in part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Paragraph C(2) sets forth the burden of proof applicable to the motion for summary judgment, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he *503 will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
On appeal, a trial court's ruling on a motion for summary judgment is reviewed pursuant to the de novo standard of review. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.

DISCUSSION
Assignment of Error Numbers One and Two
The Petches argue in their first two assignments of error that the trial court erred both in concluding that defendants could not be held liable for their acts or omissions as members of a limited liability company and in shifting the burden of proof to plaintiffs to prove a genuine issue of material fact precluding summary judgment.
Specifically, the Petches argue that because their petition made allegations of fault on the part of the individual defendants, the defendants were required, but failed, to present evidence tending to show they were not at fault. Absent any such evidence, the burden should not have been shifted to the Petches. Furthermore, the Petches claim that La. C.C. arts. 667 and 2315 allow them to bring an action against the members of a limited liability company in their individual capacity for acts or omissions attributable to them while acting on behalf of the limited liability company. As such, the Petches allege that their failure to present any evidence of fault on the part of the defendants, separate and apart from the acts on behalf of the company, did not entitle defendants to summary judgment as a matter of law.
La. C.C. art. 667 provides:
Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. Nonetheless, the proprietor is answerable for damages without regard to his knowledge or his exercise of reasonable care, if the damage is caused by an ultrahazardous activity. An ultrahazardous activity as used in this Article is strictly limited to pile driving or blasting with explosives.
A limited liability company offers, among other benefits, a company's members the benefit of limited liability. Hamilton v. AAI Ventures, L.L.C., 99-1849 (La. App. 1st Cir.9/22/00), 768 So.2d 298. With respect to the liability of the members and managers of a limited liability company to third parties, La. R.S. 12:1320 provides:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is *504 not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company.
D. Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.
Thus, under La. R.S. 12:1320(B), members of a limited liability company generally may not be assessed with personal liability for the debts and obligations of their limited liability company to third parties absent proof of fraud, negligence or wrongful conduct on the part of that person. See La. R.S. 12:1320(D).
We find no merit to the Petches' contention that because the defendants are the individuals who are members of P & H Development L.L.C., with the authority to act on behalf of it, and because the Petches have alleged that P & H Development L.L.C. acted negligently, ergo defendants have been negligent in their individual capacities. This interpretation ultimately removes the entire limitation on liability which the entity is designed to afford and renders La. R.S. 12:1320 practically meaningless. To have meaning within the statute, the phrase "or other negligent or wrongful act by such person" must refer to acts that are either done outside one's capacity as a member, manager, employee, or agent of a limited liability company or which while done in one's capacity as a member, manager, employee, or agent of a limited liability company also violate some personal duty owed by the individual to the injured party. In other words, some duty owed by the individual defendant to the plaintiff outside his capacity as a member must have been breached. However, the Petches have made no allegations as to any specific conduct on the part of the individual defendants from which such a breach could be inferred.
We find inapposite the Petches' reliance on this court's opinion in Barr v. Smith, 598 So.2d 438 (La.App. 2d Cir.1992), writ denied 604 So.2d 998 (La.1992), and on the Louisiana Supreme Court's opinion in H.B. "Buster" Hughes, Inc. v. Bernard, 318 So.2d 9 (La.1975), for the blanket proposition that a member of a limited liability company can be held liable for his actions on behalf of the limited liability company. In Barr, supra, this court held that liability under La. C.C. art. 667 could be imposed on a defendant who was not the record landowner but who had personally directed excavation work which caused damage to a neighboring landowner. This court was merely recognizing the established principle that a "proprietor" under La. C.C. art. 667 encompasses lessees, agents, contractors, etc. That holding, however, did not change the requirement that the proprietor from whom damages are being sought has to have performed some work on the property of which he is the proprietor and from which damage to a neighboring property resulted. Moreover, nothing in Barr, supra, suggests that the limitations on liability for members of an L.L.C., can be overcome by invoking La. C.C. art. 667 absent some personal act of negligence against the plaintiff by the member. The Petches have made no allegation of work performed by any of the three individual defendants from which any such liability could arise.
*505 In Hughes, supra, the defendant corporation, a sublessee of a barge, was performing a contract whereby certain buildings were moved for Plaquemines Parish. In the course of the work, the barge operator inadvertently dug a canal through a portion of land that was to be used as a levee base. Plaintiff, as the sublessor, paid for the damage and then sued the sublessee corporation performing the work and its principal corporate officer, Mr. Bernard, for reimbursement. The trial court held Mr. Bernard personally liable for failing to properly supervise the work and for failing to communicate certain information to the barge operator, but the Fourth Circuit Court of Appeal reversed as to Bernard's personal liability because the contract was entered into with the corporation only. In affirming the court of appeal's decision, the Louisiana Supreme Court recognized that a cause of action for personal liability of a corporate officer can be maintained under certain circumstances:
The law is settled that if an officer or agent of a corporation through his fault injures another to whom he owes a personal duty, whether or not the act culminating in the injury is committed by or for the corporation, the officer or agent is liable personally to the injured third person, and it does not matter that liability might also attach to the corporation. Article 2315 Civil Code; Canter v. Koehring Company, La., 283 So.2d 716 (1973); 3 Fletcher Cyclopedia of the Law of Private Corporations, section 1135; 19 Am.Jur.2d, Corporations, section 1382.
However, the Supreme Court found no error in the appellate court's conclusion that Mr. Bernard had no personal liability since there was no evidence that he had personally directed the barge operator to dig the canal. We find the principle enunciated therein to be indistinguishable from that enunciated above regarding the personal liability of members of a limited liability company. However, the Petches likewise failed to present evidence in opposition to the motion for summary judgment of any personal conduct which would give rise to personal liability on the part of the individual defendants.
That brings us to the question of whether the motion for summary judgment was properly supported by the movers so as to have shifted the burden to the Petches to present evidence of any such conduct. We find that it was. The law on summary judgment clearly provides that if the mover will not bear the burden of proof, he need merely point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The conduct complained of by the Petches in their original petition was attributable to the limited liability company[1] of which the individual defendants were members. Accordingly, the mere fact that the individual defendants moved for summary judgment on the issue of their personal liability in light of the limitations of liability applicable to members of a limited liability company brought the absence of any specific allegations or evidence of their individual negligence into question. That being the case, the burden shifted to the plaintiffs to bring forth some evidence to show a genuine issue of fact as to some conduct which could give rise to personal liability on the part of the individual *506 defendants. The plaintiffs failed to do so, relying only on the allegations of their petition which do not allege personal acts of negligence by the individual defendants. Therefore, we find the trial court did not err in rendering summary judgment on the record presented.
Assignment of Error Number Three
In their third assignment of error the Petches complain that the trial court acted prematurely in ruling on the motion for summary judgment only two and a half months after the original petition was filed and before adequate discovery could be conducted. Under La. C.C.P. art. 966, a motion for summary judgment is appropriate only after "adequate discovery." However, it is not an abuse of the trial court's wide discretion in discovery matters to entertain a motion for summary judgment before discovery has been completed. Simoneaux v. E.I. du Pont de Nemours & Co., Inc., 483 So.2d 908 (La.1986). It is within the trial court's discretion to render a summary judgment or require further discovery. Eason v. Finch, 32,157 (La.App. 2d Cir.8/18/99), 738 So.2d 1205, writ denied 99-2767 (La.12/10/99), 751 So.2d 861.
We are mindful, however, that in the present case the time allotted for adequate discovery was limited at best. Nevertheless, because the Petches failed to allege before the trial court or in brief to this court any specific facts upon which the opportunity for further discovery might have allowed them to defeat this motion for summary judgment, we cannot say the trial court was premature in this regard. Discovery is not to be used as a fishing expedition, and as was correctly noted by the trial court, the plaintiffs were obligated under La. C.C.P. art. 863 to make a reasonable inquiry that their claims are grounded in fact and warranted by existing law. If after such reasonable inquiry and an additional two and a half months, the plaintiffs are unable to even allege a fact upon which personal liability could be imposed, we cannot conclude that the trial court erred in refusing to allow more time for additional discovery.

CONCLUSION
For the foregoing reasons, we find no error in the trial court's grant of summary judgment. The judgment is affirmed, and the plaintiffs are cast to pay the costs of this appeal.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] It is worth noting that in their original petition, the Petches alleged the individual defendants to be operating as an unincorporated association by the name of P & H Enterprises, thus explaining the Petches' initial inference of personal liability on the part of the individual defendants.