MOORE, J.
*1232 Johnnie Crump appeals a judgment that sustained two motions for summary judgment and dismissed his personal injury claims. For the reasons expressed, we affirm.
FACTS
In May 2015, Crump went to Lake Bruin State Park, in Tensas Parish, to go fishing. He entered the park, walked out on one of the piers, set down his tackle box, and turned around to get something out of his car. However, on his first step toward the car, his right foot went through a rotten plank. He fell backwards, his right leg going all the way through the hole, and the rest of him trapped on the surface of the pier until EMTs arrived. The incident cut and scraped his right leg, sprained his left wrist, and generally hurt his shoulder, neck and back.
PROCEDURAL HISTORY
Crump filed this suit against the Lake Bruin Recreation & Water Conservation District ("the Conservation District") on May 9, 2016, alleging that it was a political subdivision of the State of Louisiana and was either negligent or strictly liable for his injuries.
The Conservation District filed an exception of no cause of action as to any claim for strict liability; the district court sustained this, based on La. R.S. 9:2800C, and Crump did not seek review of that ruling. The court set trial for September 18, 2017. The State of Louisiana, though not named a defendant, filed an answer denying any liability.
Crump filed a supplemental and amending petition joining as defendant the State Department of Culture, Recreation & Tourism ("the State") on November 21, 2016. This alleged that the State maintained the park premises and failed to inspect or repair the pier. The State answered asserting the Recreational Use Immunity statute, La. R.S. 9:2795.
In April 2017, the Conservation District filed the instant motion for summary judgment asserting that it did not own, maintain, control, or have care or responsibility for the park; rather, the State did. In support, it attached the affidavit of its president, David McEacharn, who attested to these facts and that the Conservation District did not even have any employees at the park. The court set the MSJ for hearing on August 2.
In May 2017, the State filed a motion to substitute counsel. Within a few weeks, new counsel noticed a records deposition to Crump regarding his income for the three preceding years. On June 16, the State asked for a continuance of the trial, set for September 18, since counsel had just enrolled.
On the same date, June 16, the State filed this motion for summary judgment asserting R.S. 9:2795. In support, it attached *1233 the deposition of the program director of the Office of State Parks, Gary Ramsey, who asserted that Lake Bruin was a state park, not commercial, and was designed for recreational purposes; and that there had been no other accidents reported on its piers. The court set this MSJ for hearing also on August 2.
A month later, on July 17, the State filed an "unopposed" motion for continuance urging that discovery was not yet complete. The court reset both MSJs for hearing on November 9.
On October 25, Crump filed an opposition to the State's MSJ, arguing chiefly that R.S. 9:2795 provides no immunity for willful failure to warn or for gross negligence. In support he offered his own affidavit, in which he said that after the accident he talked to some park employees, and they told him that "everyone at the park had known for quite awhile [sic ] that pier boards had gotten old and weak" and "work orders had been put in" but the "maintenance work had not been authorized[.]" He also filed a motion for continuance arguing that he had sent discovery requests to the State on August 26, 2016, received no response till July 7, 2017, and he (the plaintiff) needed more time to find "key witnesses." The court continued the hearing on both MSJs without date.
On November 13, 2017, the court set both MSJs for hearing on April 4, 2018. In early March 2018, Crump noticed depositions of five fact witnesses, to be held on March 9, 2018 (26 days before the hearing). Crump's counsel received the transcripts of these depositions on March 29 (6 days before the hearing).
On April 2, 2018 (2 days before the hearing), Crump filed a motion for permission to file supplementary exhibits in opposition to the MSJs - specifically, the five depositions he just took. These, he argued, pointed to the need for additional written discovery. Crump also filed a motion for continuance asserting that discovery "remains incomplete."
The Conservation District and the State opposed both motions.
ACTION OF THE DISTRICT COURT
At the hearing on April 4, 2018, Crump's counsel argued that he had learned about the "work order" only one day before he took the depositions, but the pier was never closed, the work never done, and then Crump fell through it. The court denied Crump's motion to file supplementary exhibits, but allowed counsel to proffer them. The court also denied Crump's motion for continuance, noting that the MSJs had been pending for almost a year.
After hearing argument, the court granted both MSJs, finding no evidence or legal authority that the Conservation District owned Lake Bruin Park, and finding that the Recreational Use Immunity statute barred the claim against the State.
The court rendered one judgment sustaining both MSJs and certifying this action as final. Crump has appealed, raising four assignments of error.
DISCUSSION
Supplementary Opposition and Motion for Continuance
By his first assignment of error, Crump urges the court erred or abused its discretion in denying the plaintiff's motion to file a supplementary summary judgment opposition consisting of the March 9, 2018, depositions and attachments and plaintiff's memorandum containing pinpoint cites to the relevant deposition testimony. By his second assignment, Crump urges the court erred or abused its discretion in denying the plaintiff's motion to continue the hearing date.
*1234 Crump concedes that under La. C.C.P. art. 966, a defendant may move for summary judgment at any time; however, Crump considers it a "first strike" MSJ when a defendant files an MSJ shortly after being served and before any discovery has taken place. He contends that both of these MSJs were filed and set for hearing before he received any response to his written discovery requests. Specifically, in July 2017, both motions had been filed, but the plaintiff had just then learned the names of the witnesses, and had no other option than to move for continuance. (Crump suggests that he was being "too courteous" to defense counsel, and should have immediately moved for sanctions when the State failed to answer his discovery.) He also shows that he had difficulties scheduling the depositions: he asked for four deposition dates between July and November 2017, and by the time the State responded, the only available date was March 9, 2018; as the hearing was already set for April 4, this set up an "ambush." (Here, Crump reiterates that he was "too courteous" and should have simply subpoenaed the witnesses.) He concludes that in these circumstances, the denial of these motions was unfair and incentivizes bad and contentious behavior.
Motions for, and oppositions to, summary judgment are regulated by La. C.C.P. art. 966B:
B. Unless extended by the court and agreed to by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
(1) A motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial.
(2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.
(3) Any reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum.
(4) If the deadline for filing and serving a motion, an opposition, or a reply memorandum falls on a legal holiday, the motion, opposition, or reply is timely if it is filed and served no later than the next day that is not a legal holiday.
A plain reading of this subsection is that summary judgment procedure will usually encompass three filings: a motion, an opposition, and a reply. There is no provision for a surreply or supplementary opposition. Baez v. Hospital Service Dist. No. 3 , 16-951 (La. App. 3 Cir. 4/5/17), 216 So.3d 98. A court may, in its discretion, permit a surreply to allow the opponent to contest matters presented for the first time in the mover's reply, if the surreply is filed within the delays of Art. 966B. Dufour v. Schumacher Group of La. Inc. , 18-20 (La. App. 3 Cir. 8/1/18), 252 So.3d 1023, writ denied , 2018-1456 (La. 11/20/18), 256 So.3d 991. A surreply may not be used to correct an alleged mischaracterization or to reiterate arguments already made. Id. , citing Nix El v. Williams , 174 F.Supp.3d 87 (D.D.C. 2016). Crump's motion for permission to file a supplementary memorandum in opposition to MSJ alleged only that counsel wished to provide pinpoint citations to key testimony and exhibits. There is no assertion that the State raised, in its reply memorandum, new issues requiring a response. Moreover, *1235 Crump's motion was filed a mere two days before the scheduled hearing on the MSJs - after the deadline for the filing of final papers under Art. 966B(3) and on the same short notice that was rebuffed in Dufour v. Schumacher Group , supra . On this record, the district court did not abuse its discretion in denying leave of court to file the supplementary memorandum.
A defendant's motion for summary judgment may be filed at any time. La. C.C.P. art. 966A(1). Before the motion can be granted, the law requires an opportunity for adequate discovery. La. C.C.P. art. 966A(3). There is no absolute right to delay action on a motion for summary judgment until discovery is completed; the only requirement is that the parties get a fair opportunity to present their claims. Simoneaux v. E.I. du Pont de Nemours & Co. , 483 So.2d 908 (La. 1986) ; Dean v. State Farm Mut. Auto. Ins. Co. , 51,243 (La. App. 2 Cir. 4/5/17), 217 So.3d 611. The mere contention of an opponent that he lacks sufficient information to defend the motion and needs additional time to conduct discovery is insufficient to defeat the motion. Dean v. State Farm , supra ; Barron v. Webb , 29,707 (La. App. 2 Cir. 8/20/97), 698 So.2d 727, writ denied , 97-2357 (La. 11/26/97), 703 So.2d 651 ; Gorbach v. Tulane Univ. Med. Ctr. , 2011-1575 (La. App. 4 Cir. 4/11/12), 89 So.3d 429, writ denied , 2012-1063 (La. 6/22/12), 91 So.3d 978. The district court has the discretion to render a summary judgment or to require further discovery. Simoneaux v. E.I. du Pont , supra ; Dean v. State Farm , supra .
This accident occurred on May 9, 2015; Crump filed suit against the Conservation District on May 9, 2016; the State answered the suit on July 12, and Crump joined the State as a defendant on November 21, 2016. The Conservation District filed its MSJ on April 27, 2017; the State moved for a continuance and filed its MSJ on June 16, 2017. The hearings were initially set for August 2, 2017 (1 ½ months after the State's MSJ), but the State filed an unopposed motion for continuance on July 17, and the hearings were reset to November 9, 2017 (nearly 5 months after the State's MSJ). On October 26, Crump filed a motion for continuance, and the hearings were reset for April 4, 2018 (9 ½ months after the State's MSJ). This period is not unreasonably short, and is longer than the 6 months we found adequate in Dean v. State Farm , supra , the 5 ½ months found adequate in Williams v. A Day To Remember Invitations LLC , 06-757 (La. App. 5 Cir. 3/13/07), 956 So.2d 30, the 4 months in Sibert v. National Oilwell Varco , 48,789 (La. App. 2 Cir. 2/26/14), 136 So.3d 283, and the 2 ½ months in Petch v. Humble , 41,301 (La. App. 2 Cir. 8/23/06), 939 So.2d 499, writ denied , 2006-2482 (La. 12/15/06), 945 So.2d 692.
We are sensitive to the fact that the State filed two motions for continuance, and apparently delayed responding to discovery requests for over 10 months. We also recognize that when Crump's counsel was finally able to schedule depositions, the first available date was March 9, 2018, and transcripts were not available until March 29, right before the Easter holidays. However, Crump also filed a motion for continuance (October 26, 2017), so the matter was continued three times, for a total of 9 ½ months. The district court did not abuse its discretion in finding this was sufficient time for adequate discovery and in denying the fourth motion for continuance. These assignments of error lack merit.
Recreational Use Immunity Statute
By his third assignment of error, Crump urges the district court erred in granting the State's MSJ. He concedes that the State may assert the Recreational Use Immunity statute, R.S. 9:2795, but *1236 contends that the summary judgment evidence creates a genuine issue as to "gross negligence," which is defined as "want of even slight care and diligence" and "want of that diligence which even careless men are accustomed to exercise," Brown v. ANA Ins. Group , 2007-2116 (La. 10/14/08), 994 So.2d 1265, or as "recklessness or reckless disregard," Solow v. Heard McElroy & Vestal LLP , 44,042 (La. App. 2 Cir. 4/8/09), 7 So.3d 1269, writ denied , 2009-1035 (La. 9/4/09), 17 So.3d 961. In support, he quotes from the depositions (which, as noted, were not admitted, but only proffered), and argues that park employees had "actual knowledge" of the dilapidated condition of the pier by May 7, 2015, when the work order was issued, but failed to post warnings of the danger. He concludes that this created a genuine issue that the State was grossly negligent.
The Recreational Use Immunity statute defines "land" and "recreational purposes," La. R.S. 9:2795A(1) and (3), but the parties do not dispute that the pier at Lake Bruin, and Crump's fishing trip on May 9, 2015, satisfied these definitions. The parties also do not dispute the fact that the State may claim the immunity, R.S. 9:2795E(1). The issue concerns the precise application of the immunity provision:
B. (1) Except for a willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land * * * who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
(c) Incur liability for injury to any person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
E. * * * (2) (d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.
In general, mere knowledge and appreciation of a risk does not constitute intent, and reckless or wanton conduct does not constitute intentional wrongdoing. Stanley v. Airgas-Southwest Inc. , 2015-0274 (La. 4/24/15), 171 So.3d 915 ; Sibert v. National Oilwell Varco , supra . For purposes of R.S. 9:2795, a failure to warn of a dangerous condition connotes a conscious course of action, and is deemed willful or malicious when action is taken or not taken, which would likely cause injury, with conscious indifference to the consequences thereof. Wood v. State , 43,457 (La. App. 2 Cir. 8/13/08), 989 So.2d 280, writ denied , 2008-2192 (La. 11/14/08), 996 So.2d 1094 ; Lambert v. State , 40,170 (La. App. 2 Cir. 9/30/05), 912 So.2d 426, writs denied , 2005-2310, -2311 (La. 4/17/06), 926 So. 2d 509; Robinson v. Jefferson Parish Sch. Bd. , 08-1224 (La. App. 5 Cir. 4/7/09), 9 So.3d 1035, 246 Ed. L. Rep. 497, writ denied , 2009-1187 (La. 9/18/09), 17 So.3d 975. The duty to warn does not extend to a potentially dangerous condition which should have been observed by a person in the exercise of reasonable care or which is just as obvious to the property owner as to a visitor. Wood v. State , supra ; Price v. Exxon Corp. , 95-0392 (La. App. 1 Cir. 11/9/95), 664 So.2d 1273.
Crump's original petition, against the Conservation District, alleged "allowing a ruin, vice, or defect to exist" and "failure to exercise such reasonable care by replacing defective and/or rotten planks on the pier"; the amended petition, joining the State as defendant, alleged failure to "either timely inspect and/or repair the section *1237 of the pier" where the accident occurred. This articulates the existence of a dangerous condition, but does not assert any willful or malicious failure to warn against it. R.S. 9:2795B(1).
Further, the affidavit of Gary Ramsey, the program director at the Office of State Parks, stated that "no other accidents or incidents involving piers" at Lake Bruin had occurred before Crump's accident. There was nothing from which the court could charge the State with actual or constructive knowledge that the pier was in such a condition that a person would fall through it. Even if Crump could establish that the State had knowledge and appreciation of the risk, this does not show intentional or grossly negligent conduct. R.S. 9:2795E(2)(d).
In short, Crump did not offer any summary judgment evidence that would create a genuine issue as to whether the Recreational Use Immunity statute applied. The district court did not err in sustaining the State's MSJ, and this assignment of error lacks merit.
Limitation of Liability for Public Bodies
By his fourth assignment of error, Crump urges the district court erred in granting the Conservation District's MSJ. Crump shows that the Conservation District is a political subdivision of the State, La. R.S. 38:3087.93A, has complete control over the supply of fresh water to the lake, R.S. 38:3087.93C, has the authority to prescribe the manner of building piers extending into the lake, R.S. 38:3087.99(3), and has the power to construct all other facilities to accommodate the public, R.S. 38:3087.105. He also cites a recent brochure, provided in response to discovery, which stated that the Conservation District has "a permit process for building new piers or adding to existing piers on the lake." He concludes that in practice , the Conservation District took full responsibility for the condition of the pier, thus creating a genuine issue whether the pier was under its care and custody.
The Conservation District is a political subdivision of the State, La. R.S. 39:3807.93A, thus making it a "public entity" for purposes of limitation of liability, La. R.S. 9:2800G(1). "A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody." La. R.S. 9:2800A. To recover against a public entity for damages due to a defective thing, a plaintiff must prove (1) the thing that caused the damage was in the custody of the public entity, (2) the thing was defective due to a condition creating an unreasonable risk of harm, (3) the entity had actual or constructive knowledge of the condition yet failed to take corrective action within a reasonable time, and (4) the defect was a cause of the plaintiff's harm. Broussard v. State , 2012-1238 (La. 4/5/13), 113 So.3d 175 ; Passon v. Fields , 50,635 (La. App. 2 Cir. 5/18/16), 196 So.3d 645. Failure to prove any one of these elements is fatal to the plaintiff's case. Netecke v. State , 98-1182 (La. 10/19/99), 747 So.2d 489 ; Passon v. Fields , supra .
In support of its MSJ, the Conservation District offered the deposition of its president, David McEacharn, who stated that the Conservation District did not "own, maintain, control or have any responsibility for" the pier on which Crump was injured, but that the State had "ownership, responsibility, and control" thereof. As noted earlier, the deposition of the Office of State Parks' program director, Gary Ramsey, attested that Lake Bruin is a State Park. In short, the summary judgment evidence excludes any genuine issue as to the material fact of ownership. The Conservation District does not have custody of the pier.
*1238 We have closely examined the legislation regarding the Conservation District, 1995 La. Acts No. 1045. Crump correctly shows that the Conservation District is a political subdivision of the State, R.S. 38:3087.93A, and has complete control over the supply of fresh water to the lake, R.S. 38:3087.93C. We also find, however, that Act 1045 provides that the Conservation District may make and enforce rules to prescribe the manner of building piers, R.S. 38:3087.99(3), and confers on it the "power to cause to be created and constructed" all facilities to accommodate the public, R.S. 38:3807.105 (consistent with the text of the Lake Bruin brochure). Nothing in Act 1045 gives the Conservation District custody of the pier, although the legislature could have so provided, as it did, for example, in an act granting the New Orleans Levee Board "exclusive jurisdiction, administration and control" over reclaimed lands and "title to those areas reclaimed." See Socorro v. City of New Orleans , 579 So.2d 931 (La. 1991), fn. 6. This court is aware of no jurisprudence conferring on a Water Conservation District the custody of a pier for purposes of R.S. 9:2800.
The summary judgment evidence excludes every genuine issue of material fact, and the applicable law, Act 1045, shows that the Conservation District is entitled to judgment as a matter of law. This assignment of error lacks merit.
CONCLUSION
For the reasons expressed, the judgment is affirmed. All costs are to be paid by the plaintiff, Johnnie Crump.
AFFIRMED .